**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 16 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

TOMI EDWARD JENNINGS, JR.,

      Plaintiff-Appellant,

v.

DISTRICT COURT FOR THE
SEVENTH JUDICIAL DISTRICT,
NATRONA COUNTY,

      Defendant-Appellee.

No. 98-8068
(D.C. No. 98-CV-141-B)
(D. Wyo.)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **EBEL** and **LUCERO**, Circuit Judges.

      Tomi E. Jennings, Jr., appeals the district court's dismissal of his 42 U.S.C.

§ 1983 suit against the Seventh Judicial District Court in Natrona County,

Wyoming. The district court dismissed his civil rights complaint because

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Jennings failed to pay the requisite filing fee. Although Jennings had moved to proceed in forma pauperis, a magistrate judge denied the motion pursuant to 28 U.S.C. § 1915(g),

> because the prisoner, on 3 or more occasions, while incarcerated or detained, brought an action or appeal in a U.S. Court that was dismissed on the grounds that it was frivolous, malicious or failed to state a claim upon which relief may be granted, and the prisoner has not shown imminent danger of serious physical injury.

In its order dismissing the case, the district court simply reiterated, without elaboration, that Jennings was "subject to the filing fee requirements under 28 U.S.C. § 1915(g)."

Because neither the magistrate judge nor the district court specified which prior actions or appeals brought by Jennings were frivolous, we cannot properly review the order denying IFP status or dismissing the appeal. Consequently, we REMAND for the district court to enumerate and explain which prior actions or appeals formed the basis for its denial of IFP status.[1]

---

[1]On appeal, Jennings moves to amend his pleadings pursuant to Fed. R. Civ. P. 15(b) to include an allegation that he is in imminent danger. We will not address this motion, as the proper forum for such a motion is the district court. Furthermore, because the question is not before us, we do not express an opinion as to whether Jennings can file the motion in the district court at this time.

The mandate shall issue forthwith.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge